H. C. SMITH ET AL. *v.* H. C. MOSS' ADMR. ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—532.]

**Real Estate as Personalty Under the Terms of a Will.**

When the testator directs his real estate to be converted into personalty it becomes impressed with the nature of personal property at his death.

**Interest on Legacy.**

Where the testator bequeaths a specific pecuniary legacy to be paid at the death of his wife, the legatee is entitled to interest from the date of such death, and it is error for the court to allow interest only to begin at the end of one year from the date of the widow's death.

**Right to Rents Not Used by Legatee.**

A testator provided that his wife should have control of the rents of his lands, such as she might consider necessary for her use. Under this provision it is held she had the right to use such rents after the debts of the decedent were paid as she might consider proper, but rents she may have collected but which were not used by her at the time of her death belonged to the testator's estate.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 16, 1882.

OPINION BY JUDGE HARGIS:

1st. It is plain from the provisions of Wm. Ferguson's will that he intended his wife, Susan Ferguson, to have control of such rents of his lands as she might consider necessary for her use, his object being to supply the necessities and comforts according to her judgment as to the amount required during her lifetime. She had the right to control and use such of the rents and hire after the debts were paid as she might consider proper; to that extent the rents and hire invested in her under the will. But the rents she may have collected or controlled and did not use, consume or part with before her death, belong to the estate of Wm. Ferguson; hence the notes for rent taken in her name but never used or disposed of by her belong to his estate, as decided by the circuit court.

Even if the rents of the Wilson tract of 48 acres, 3 roods and 13 poles of lands were paid in the purchase-money due from Wm. Ferguson at his death, it was a literal compliance with the provisions of his will that his debts should be paid out of his personal property, rents of lands and hire of slaves, before Mrs. Ferguson was entitled to control or use the rents. Whether she or the executor paid the rents or other proceeds of the estate in discharge of the purchase-money owing by the testator it can make no difference. It was the payment of one of his debts out of the property devised by him for that purpose, and we think the judgment is right on this point.

2d. By the 13th clause of his will the testator directed that certain described real estate should be sold. There is no limitation, restriction or condition placed upon the direction to sell. The expression that "If my land of the home farm can be bought by any of my children they can take it at the valuation" strengthens the imperative character of the direction to sell, instead of decreasing it, and clearly shows the testator contemplated that some of his children might wish to buy, and if they did the provision quoted was intended to secure the right to be preferred bidders at the valuation.

That he meant an absolute direction to sell is further shown by

.54

the provision in codicil No. 1, where he authorized his executors to make deeds to all lands of his estate that may be sold. The will and codicil show:

1st. That the sale is peremptorily directed to be made.

2d. That the testator provided for his children becoming purchasers.

3d. That he directed the executors to make conveyances.

These provisions when considered together leave but little, if any, doubt of the absolute character of the direction to sell.

As the testator directed his real estate to be converted into personalty it became impressed with the nature of personal property at his death; hence Moss was entitled to the whole of his deceased wife's interest under the will of her grandfather, Wm. Ferguson; and the infant child of Moss and wife not having title to real estate by descent from Mrs. Moss, nothing descends from it to her kindred. No citation of authority is necessary to support this conclusion.

3d. The testator bequeathed to the appellant, Susan Hart, a specific pecuniary legacy to be paid at the death of his wife, who died on the 28th day of February, 1878, he having died in 1869. The appellant, Susan, and her husband assign as erorr that the circuit court refused to allow her interest on her legacy from the death of Mrs. Ferguson.

General Statutes (1881), Ch. 50, Art. 2, § 2, provides: "If no time is fixed for the payment of a specific pecuniary legacy, it shall be payable one year after the testator's death, and carry interest after due." The circuit court fixed the period for the beginning of interest on the legacy at one year from the death of Mrs. Ferguson, and we think this was error. According to the statute quoted a specific pecuniary legacy shall carry interest after due. The testator may fix the time for its payment; if he does not the law fixes it at one year after his death. Such a legacy is due from the time it is payable, hence this legacy was due from the death of Mrs. Ferguson, the time fixed for its payment by the testator, and it consequently bears interest from that date.

The time within which the executor or administrator has to wind up and distribute the estate has nothing to do with the appellant's, Susan's, right to interest on her legacy. It might as well affect the right to interest by any other person holding a claim

which is due and payable out of the estate, which of course it does not do.

Wherefore the judgment is *reversed* as to the appellants, Hart and wife, and *affirmed* as to Smith and Boone.

*W. H. Holt, for appellants.*

*C. Brock, for appellees.*